## OTT v. SANDERS.

### No. 1137.

Court of Appeal of Louisiana. First Circuit.

April 17, 1933.

Ott & Johnson, of Franklinton, and Reid & Reid, of Hammond, for appellant.

Ellis, Ellis & Ellis, of Amite, for appellee.

MOUTON, Judge.

This suit is brought by plaintiff against Sanders, defendant, as holder and owner of a promissory note for $500, executed July 9, 1928, payable one year after date, bearing interest at 8 per cent. per annum.

The demand was rejected. Plaintiff appeals.

This note was made by defendant in favor of the Ott-Womack Supply Company for 500 shares of stock in that company, which owed a debt to the Kentwood Bank.

This Sanders note was given in pledge to the Kentwood Bank by the Ott-Womack Supply Company to secure the payment of its obligation to the Kentwood Bank, with another note and some other obligations. It was indorsed by the Ott-Womack Supply Company when pledged.

A draft was sent to Mr. Dickerson, cashier of the Kentwood Bank, by plaintiff, Mr. Ott, for a balance of $371.48 due by the Ott-Womack Supply Company, and the note of Mr. Sanders, herein sued upon, was sent to Mr. Ott with the other obligations that had been pledged as collaterals with the Kentwood Bank. The Sanders note was indorsed by the Kentwood Bank. Mr. Ott, plaintiff, was a member of the board of directors of the Ott-Womack Supply Company when this note was made by Mr. Sanders, but it seems that, when Mr. Ott got it from the Kentwood Bank, the Ott-Womack Company had gone out of business, for what cause, whether insolvency or other, does not appear.

It would seem that the draft from Mr. Ott, being for the balance due by the Ott-Womack Company, was intended as a payment, and that in consequence the collaterals, including

the note of defendant, had been turned over to him. His testimony is, however, that he bought the note of the defendant and paid his own money for it. As the Kentwood Bank indorsed the note before sending it to Mr. Ott, it must be presumed that a transfer was intended.

The Sanders note was merely pledged by the Ott-Womack Supply Company to the Kentwood Bank as an accessory to assure or secure the payment of its prior obligation to the bank. C. C. arts. 1771, 3166.

Its title or ownership was not transferred to the bank by the pledge. As a holder of the note as collateral, the bank could have collected it and have applied the proceeds to its claim against the Ott-Womack Company, pledgor, but had no right to transfer the note to Ott without an express authority of sale from the Ott-Womack Supply Company or a waiver of its rights as owner, of which there is no proof in the record. Randolph on Commercial Paper, vol. 3, § 1676.

The Kentwood Bank could have sued on the note. Fidelity & Deposit Company of Maryland v. Johnston, 117 La. 880, 42 So. 357, but this course was not taken by the Kentwood Bank, which could not, however, have sold the note except in execution of a judgment obtained after ordinary proceedings. C. C. art. 3165.

According to foregoing authorities, the Kentwood Bank could not transfer the note and plaintiff had no title thereto and could not recover as owner. We shall, however, pass this over, and will consider plaintiff as owner by virtue of his acquisition by purchase.

The note was executed July 9, 1928, and was payable 12 months after date; that is, July 9, 1929. It was transferred by the bank, without recourse, through its cashier, Dickerson, October 26, 1931. It was therefore overdue when transferred to Mr. Ott, plaintiff, by over two years, who therefore did not become a holder in due course. Negotiable Instruments Law, Act No. 64 of 1904, p. 147.

In the hands of plaintiff, a holder, not in due course, the note was subject to the same defenses as if it were nonnegotiable. Act No. 64 of 1904, § 58.

One who buys a negotiable note after its maturity takes it subject to all of the defenses that could be pleaded against his assignor. Lanata v. Bayhi, 31 La. Ann. 229.

This principle has been recognized in a long line of decisions, not disputed by learned counsel for plaintiff, but which must be noted in disposing of the issues raised by the defense, in which it is urged by defendant that he has paid the shares of stock for which he signed the note in favor of the Ott-Womack Supply Company by commissions earned by him in the sale of lumber for said company furnished to it by the Kentwood Lumber Company, including an item of $198.-90 due by the Ott-Womack Company to the Kentwood Lumber Company which was charged to his individual account.

The evidence shows that the lumber was sold at cost by the Kentwood Lumber Company to the Ott-Womack Supply Company, which furnished it to the purchasers at a profit above the price accounted for to the Kentwood Lumber Company. It is shown that sales were made to several purchasers and which had been effected through the defendant. The defendant is claiming $427.68 as his commission, at 10 per cent. in these sales. Plaintiff denies that any agreement was ever made by the Ott-Womack Company with defendant allowing him a commission.

As the preponderance of the evidence shows that the Ott-Womack Company was drawing a profit from these sales, the defendant's testimony in reference thereto is corroborated, and, with the other facts and circumstances of the case, is sustained, showing that the commission had been agreed to.

Mr. Damils, bookkeeper of the Kentwood Lumber Company, testifies, that, according to the ledger sheet, the Ott-Womack Supply Company, in June, 1931, owed a balance of $198.90 to the Kentwood Lumber Company.

Mr. H. E. Sanders, from Detroit, Mich., not related to defendant, Fred Sanders, a scaler of logs for the Kentwood Lumber Company, says he assisted with the books of that company and they showed a debit to defendant of $198.90.

Defendant testifies that this amount was charged to his personal account which the Ott-Womack Supply Company owed the Kentwood Lumber Company for lumber they had not paid for. Mr. A. O. Ott, who was President of the Ott-Womack Supply Company, testified in reference to this item of $198.90. He says that this amount which Mr. Sanders claimed to have charged to his personal account, as he understood it, was a little better than $100, and that, after checking it, it was agreed that they would split the difference and call it correct.

We refer to this testimony to show that the Ott-Womack Supply Company had had business transactions along the lines above stated; that the Ott-Womack Supply Company had taken cognizance of this claim of $198.90 which Sanders says was charged to his personal account and of which there is no proof that the amount was to be "split," to which Mr. A. O. Ott alludes in his testimony. We think that the $198.90 charged by Sanders to his individual account should also be applied with his commission of 10 per cent. to the note sued upon, as this constitutes a defense defendant had the right to urge against plaintiff, conceding that he bought

the note and that the Kentwood Bank had title to the note and could transfer it. The amount of defendant's commission and the amount of $198.90 charged to his personal account exceed the amount of the note sued upon and for which plaintiff has no right to recover.

The trial judge has given no written reasons for his judgment, and, if any oral, we have no information thereof.

We have, however, endeavored to cover all the possible aspects of this case, and, finding no error in the judgment under review, it is affirmed, with cost.