## LAMPTON REID & CO. v. FORTENBERRY et al.

### No. 1575.

Court of Appeal of Louisiana. First Circuit.

June 9, 1936.

712 ▮ ▮▮▮▮▮▮▮

For former opinion, see 168 So. 36.

Ott & Johnson, of Franklinton, for appellant.

S. S. Reid and Carter & Arnett, all of Amite, for appellees.

## PER CURIAM.

The earnest application for rehearing presented in this case merits our further consideration on the points raised.

▮ It is necessary to bear in mind that it is the plaintiff in the case who is seeking to set aside a sale of property under foreclosure on the ground that the mortgage note sued on had been extinguished by confusion. This plaintiff was not the holder and owner of that note, but merely the holder of a second mortgage bearing on the same property. It had no connection whatever with the first mortgage note. As plaintiff, however, it carried the burden of proving the extinguishment of that note and mortgage in the manner set out in its petition. Plaintiff's counsel seem to realize that that was a difficult task, as they contend now that under the law and the pleadings in the case it was the defendant's duty to prove that the mortgage note was not the direct obligation of the maker before plaintiff should be made to prove its extinguishment by confusion. Counsel have not satisfied us on this proposition, as we believe that, under the facts set out and under the law, plaintiff carried the burden of proof all the way through.

▮ But, even were we wrong in this, under the view we have taken of the facts and as we have treated them in the opinion, defendant did make proof that the mortgage note had been given to the bank as collateral and was not the direct obligation of the maker, and this was accepted as a proven fact in the case before we considered the issue of extinguishment by confusion. We still adhere to these views and to those findings of fact. It is true that some comment was made by us on the character of the testimony of the witness Grace, but his was the only direct testimony bearing on this point, and we found no reason why it should have been disregarded.

Counsel urge that the case of Hammond State Bank v. Broderick, 179 La. 693, 695, 154 So. 739, is authority for us to protect plaintiff's rights under its mortgage, as those rights had intervened when the first mortgage note was turned over to Quinn. But the facts in the two cases are different. In the Broderick Case the note had been returned to the maker and reissued by him after the rights of a third party had already intervened, whereas in this case the first mortgage note never was returned to the maker Fortenberry, and, instead of having been reissued by him to Quinn, was, as shown in the original opinion, transferred to him by the liquidator of the bank in settlement of certain accounts between them.

▮ Counsel also complain about what they say is the conflict between our decision in this case, and that in the case of Ott v. Sanders, 147 So. 701, wherein this court held that a "pledgee had no right to transfer note to third party without express authority of sale from pledgor or waiver of pledgor's rights as owner." Under this ruling they contend the bank had no right to transfer the note to Quinn without authority from Fortenberry, assuming, of course, that it had only been pledged by him. Aside from the question as to plaintiff's right to raise that issue, the contention finds its answer in the fact that in this case the note was transferred in the liquidation proceedings of the bank and under an order of the chancery court. It is to be presumed, of course, that what was done under an order of court was legally and properly done, and, there being nothing to indicate the contrary in this case, we hold that the transaction was a valid and legal one.

Convinced that our original opinion and decree are correct, the rehearing applied for is hereby refused.